# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DANIELLE EDWARDS,

Plaintiff,

v. Case No.: 6:26-cv-01925-CEM-LHP

ELEVANCE HEALTH, INC.,

Defendant,

---

## ORDER

Before the Court is Defendant Elevance Health, Inc.'s Motion to Stay Discovery and Incorporated Memorandum of Law in Support. Doc. No. 23. *Pro se* Plaintiff Danielle Edwards responds in opposition. Doc. No. 24. Upon consideration, the motion (Doc. No. 23) is due to be denied, as it fails to establish good cause or extraordinary circumstances warranting a stay of discovery, for the reasons that follow.

In short, this is an employment discrimination case. Doc. No. 17. Plaintiff brings three (3) Title VII claims, based on (1) sex discrimination/unequal terms, compensation, and failure to promote; (2) race discrimination/unequal terms, compensation, and failure to promote; and (3) retaliation. *Id.* at 4–5. She also brings one claim for violation of the Equal Pay Act. *Id.* at 5. In her complaint, Plaintiff acknowledges that she did not timely file her Title VII claims after receiving a Notice

of Rights on March 3, 2026, but she contends that principles of equitable tolling apply. *Id.* at 1–2. Defendant moves to dismiss. Doc. No. 18.

By the present motion, Defendant seeks to stay all discovery-related deadlines pending resolution of its motion to dismiss. Doc. No. 23. Defendant says that a stay is warranted because Plaintiff's Title VII claims "are so clearly time-barred," and Plaintiff cannot establish that equitable tolling would apply, and that the Equal Pay Act claims are "deficiently pleaded." *Id.* at 3, 5–6. Defendant says that its motion "may" dispose of the entire case, or that alternatively, it is "likely to narrow it substantially." *Id.* at 5–6.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."). However, motions to stay discovery pending a ruling on a dispositive motion are generally disfavored in this District. *See* Middle District Discovery (2021) § (I)(E)(4). Indeed, "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)).

The moving party bears the burden of showing good cause to stay discovery. *Id.*; *see also* Middle District Discovery (2021) § (I)(E)(4) ("[U]nusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden."). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652–53 (quotations omitted).

Here, Defendant fails to show good cause warranting a stay of discovery. Taking a "preliminary peek" at Defendant's motion to dismiss (Doc. No. 18), and without expressing any opinion as to final resolution of the motion at this time, the Court is not convinced that Defendant's motion is so clearly meritorious such that a stay of discovery is warranted. As to the Equal Pay Act claim in particular, Defendant's motion challenges the legal sufficiency of the factual allegations supporting Plaintiff's claims, and as Defendant itself acknowledges, its motion may not entirely eliminate the need for discovery in this case. *See* Doc. No. 23, at 5–6 ("The Motion to Dismiss may dispose of this case entirely and, at a minimum, is likely to narrow it substantially."). "Absent a clear indication a case will be

dismissed in its entirety, a motion to stay should be denied." *McCrimmon v. Centurion of Fla., LLC,* No. 3:20-cv-36-J-39JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020); *see also United States v. Physician Surgical Network, Inc.*, No. 6:20-cv-1582-WWB-EJK, 2022 WL 6163122, at *1–2 (M.D. Fla. Oct. 7, 2022) (denying defendant's motion to stay discovery where defendant's "argument relies primarily upon a facial challenge to the legal sufficiency of Plaintiff's claims").

Nor has Defendant carried its burden of demonstrating "unusual circumstances," or specific burden or prejudice by lack of a stay. *See* Middle District Discovery (2021) § (I)(E)(4). Indeed, outside of broad assertions that this case may result in "broad discovery . . . wasting the parties' resources and burdening the Court," Doc. No. 23, at 6, Defendant alleges no prejudice at all. *See Hamad v. Frontier Airlines, Inc.*, No. 6:23-cv-1209-WWB-LHP, 2024 WL 22031, at *2 (M.D. Fla. Jan. 2, 2024) ("Generally referencing that discovery is time-consuming and expensive is insufficient."); *see also, e.g., Wiand v. ATC Brokers Ltd.*, No. 8:21-cv-01317-MSS-AAS, 2022 WL 1239373, at *2 (M.D. Fla. Apr. 27, 2022) (denying stay of discovery where the defendants did not establish good cause to justify the stay, and there was no finding that the defendants would be prejudiced or burdened by engaging in discovery before the motions to dismiss were resolved). To be sure, "the multitude of tools provided by the discovery rules remain at [Defendant's] disposal," and "particularized discovery issues [may] be addressed and resolved on a case-by-case

basis, which is a more prudent approach than an indiscriminate blanket stay of discovery." *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *4 (S.D. Fla. Nov. 9, 2012).

In sum, the Court finds that the harm produced by staying discovery outweighs the possibility that the need for discovery will be entirely eliminated. *See Feldman*, 176 F.R.D. at 652. Accordingly, Defendant's motion (Doc. No. 23) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 18, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties